**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SALVADOR MENJIVAR GIRON,
        Petitioner**,**

   **-against-**

KENNETH GENALO, New York Field
Office Director, Immigration and
Customs Enforcement and Removal
Operations (ICE/ERO);
TODD LYONS, Acting Director, US Immigration
and Customs Enforcement;
KRISTI NOEM, Secretary, Department of Homeland
Security (DHS);
PAMELA BONDI, US Attorney General;
        Respondents.

**Case No.**

**PETITION FOR A WRIT**
**OF HABEAS CORPUS**

### INTRODUCTION

1. Salvador Menjivar Giron hereby seeks a writ of habeas corpus releasing him immediately from detention, or in the alternative, directing that he be provided with a bond hearing before an Immigration Judge forthwith.

2. Petitioner is a citizen of El Salvador, who has been physically present in the U.S. since 2002, when he entered the US by crossing the Mexican border. Petitioner has extensive family in the US: his three brothers and father are all permanent residents, and he has three minor US citizen children, aged 12, 15 and 18 years old. He works as a painter.

3. Subsequent to his entry, Petitioner was placed in removal proceedings in immigration court, which were dismissed as a matter of prosecutorial discretion in 2024.

4. In 2025 Petitioner was arrested on Long Island and charged with DUI, and he is

currently on probation for that arrest.

5. On March 19, 2026, while attending a scheduled meeting with his probation officer in Mineola, NY, Petitioner was by the New York City Immigration and Customs Enforcement ("ICE") Field Office, and he remains in their custody. He was served with a Notice to Appear in removal proceedings, and another notice stating that any questions about his detention should be directed to the New York City ICE Field Office. The on-line ICE detainee locator system states that no information is available about the location of his detention, and that any inquiries should be directed to the New York City ICE Office of Enforcement and Removals (ERO).

6. Respondents detained Mr. Menjivar Giron without making any finding that he is a flight risk or a danger to the community.

7. Respondents will deny any motion for a bond hearing in Immigration Court based on a Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), holding that all non-citizens who have entered the US without inspection are ineligible for a bond hearing, regardless of how long they have lived in the US. Respondents have repeatedly argued that the declaratory judgement in *Maldonado Bautista v. Santacruz Jr.*, No. 25-cv-01873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) (declaring that class members such as Petitioner, who are detained in the interior of the US years after having entered the US without inspection are eligible for a bond hearing) is void with respect to cases outside of the Central District of California. Petitioner now has no choice but to bring this Petition for a writ of habeas corpus, seeking immediate release from custody or a bond hearing in the alternative.

**JURISDICTION**

8. This action arises under the U.S. Constitution and the Immigration and Nationality Act, at 8 U.S.C. §1101 et seq. This Court has habeas corpus jurisdiction pursuant to 5 U.S.C. §703, 28 U.S.C. §2241 et seq., and Article I, § 9, Clause 2 of the United States Constitution (suspension clause).

9. Petitioner is in custody under color of the authority of the U.S., in violation of the constitution and laws of the U.S.

**VENUE**

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), because Petitioner is physically detained in this District and Respondents' principal place of business is in this district.

**PARTIES**

11. Petitioner Salvador Menjivar Giron is a citizen of El Salvador, who has resided continually in the U.S. since 2002. He was arrested on March 19, 2026, and is currently in the physical custody of Respondent New York City ICE Field Office.

12. Respondent Kenneth Genalo is the director of the New York City ICE Field Office. He is Petitioner's immediate custodian.

13. Respondent Todd Lyons is the acting director of US Immigration Customs Enforcement, the agency responsible for Petitioner's detention.

14. Respondent Kristi Noem is Secretary of the Department of Homeland Security of the United States, an agency of the US government, responsible for administration and enforcement of the nations' immigration laws, including the apprehension and detention of non-citizens, including Petitioner.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. Mr. Menjivar Giron has no administrative remedies to exhaust. While he has not requested a bond hearing, requesting such a hearing would be futile in light of the recent Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In that case, the BIA interpreted the detention provisions of the INA to preclude the right to a bond hearing for most noncitizens who, like Petitioner, entered the U.S. without inspection. An Immigration Judge cannot grant Petitioner a bond hearing, as Immigration Judges are bound by precedential BIA decisions.

16. Further, there are no exhaustion requirements with regard to the claim of unlawful detention, and exhaustion is only required when specifically mandated by Congress.

**RELEVANT LAW**

17. Detention of non-citizens can only occur in two discrete situations: pending a decision on whether they are to be removed, U.S.C. §§ 1225 and 1226, and after a final order of removal has been issued, 8 U.S.C. § 1231.

18. 8 U.S.C. § 1225(a) provides that "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival…) shall be deemed for purposes of this chapter an applicant for admission." § 1225(b)(2) provides that an applicant for admission who is "seeking admission" and "who is not clearly and beyond a doubt entitled to be admitted shall be detained for a [removal] proceeding." There is thus no provision for a re-determination of custody for a person detained under § 1225(b)(2).

19. 8 U.S.C. § 1226(a) provides that "On a warrant issued by the Attorney General, an

alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States", and that pending such decision they may be released on a bond or a conditional parole (*id*, § 1226(a)(1) and (2)).

20. For non-citizens detained under § 1226(a), the arresting immigration officer has discretion to release them upon a showing that they are not a danger to others or a flight risk, 8 C.F.R. § 1236.1(c)(8). If the immigration officer does not order release, the non-citizen can seek review of that determination before an Immigration Judge, 8 C.F.R. § 1236.1(d)(1).

21. US immigration law (as well as Respondents) has long treated "seeking admission" as different from, and additional to, being an "applicant for admission" for purposes of § 1225(b)(2). "[B]eing an "applicant for admission" under section [1225(a)(1)] is distinguishable from "applying ... for admission to the United States", *Matter of Y-N-P*, 26 I. & N. Dec. 10, 13 (BIA 2012). "Seeking admission" has generally referred to an application for admission made at a port of entry, rather than just the status of being in the US without having been inspected and admitted or paroled. In other words, while all non-citizens who are seeking admission are also applicants for admission, not all applicants for admission are seeking admission. For example, Petitioner herein has filed an application for asylum, which would allow him remain legally in the US, yet an application for asylum is not treated as an "application for admission", see *Matter of V-X-*, 26 I&N Dec. 147, 150 (BIA 2013), holding that although a grant of asylum conferred a lawful status, it did not entail an "admission.".

22. Despite this, a recent Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), precludes Immigration Judges from

providing bond hearings to *any* non-citizen alleged to have entered the US without inspection, holding instead that they are all subject to mandatory detention under § 1225(b)(2). However, this decision flies in the face of the plain language of the statute, which provides at 8 U.S.C. § 1226(a), and subject only to exceptions at 8 U.S.C. § 1226(c), that "An alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States", and that pending such decision they may be released on a bond or a conditional parole. Mandatory detention of applicants for admission is limited, under § 1225(b)(2), to those applicants for admission who are also "seeking admission". It is also contrary to decisions of the US Supreme Court, decades of agency practice, including regulations and administrative decisions, and has been rejected by almost every district court judge – now over two hundred and eighty - to have considered the matter.

**FACTS**

23. Petitioner Salvador Menjivar Giron is a native and citizen of El Salvador, who has been living in the US since 2002. He entered the US by crossing the US/Mexico border. At some point afterwards, he was placed into removal proceedings, but those proceedings were dismissed in February 2024.

24. Petitioner has worked consistently since his entry, most recently as a painter. He has three teenage children in the US, all of whom are US citizens. His three brothers and his father are all lawful permanent residents of the US.

25. Mr. Giron was never arrested in El Salvador and his only contact with law enforcement since entering the US was during a DUI arrest in New York in 2025.

That case is currently ongoing, Petitioner was not detained in connection with it, and he has been fully compliant with the all court orders issued in connection with it.

26. At a March 19, 2026, appointment with the Nassau County Probation Department, officers from Respondent New York City ICE Field Office appeared and detained Petitioner, and he remains in their custody. Respondents then re-filed Petitioner's immigration court proceedings by serving him with a Notice of Appear at a hearing at the New York Immigration Court at 201 Varick Street NY on March 31, 2026. He was also given a notice stating that any questions about his case should be directed to a deportation officer at "US/DHS ICE, 201 Varick Street, Room 1219, New York NY 10014"

27. Respondents did not make any determination as to whether or not Petitioner is a flight risk or a danger to society prior to or subsequent to his detention. Petitioner was presumably determined to not be a danger by Nassau County given his release from their custody while his case remains pending.

28. To the extent there is a statutory basis for Petitioner's detention, it is 8 U.S.C. § 1226(a).

29. As a person detained under 8 U.S.C. § 1226(a), Petitioner was eligible to remain free from detention by showing the arresting immigration officer that he is not a danger to others or a flight risk, 8 C.F.R. § 1236.1(c)(8). Petitioner was not given this opportunity. Even if this opportunity is denied, Petitioner is eligible for a custody redetermination hearing before an Immigration Judge, after which he must be released unless the government can show that he is either a flight risk or a

danger to the community.

30. Petitioner is being irreparably harmed by his ongoing unlawful detention.

**CLAIMS FOR RELIEF**

**COUNT ONE: Violation of 8 U.S.C. 1226(a) and 8 C.F.R. § 1236.1(c)(8)**

31. Under 8 C.F.R. § 1236.1(c)(8), Petitioner was eligible to be considered for release from custody upon a showing to ICE that he was not a danger to property or persons or a flight risk. ICE did not give Petitioner that opportunity, and did not consider Petitioner for such discretionary release.

32. This constitutes a denial of Petitioner's right to procedural due process. The only remedy for this unconstitutional detention is release.

**COUNT TWO: Respondents' classification of Petitioner as being subject to mandatory detention under 8 U.S.C. § 1225(b)(2) instead of discretionary detention under § 1226(a) violates the Immigration and Nationality Act.**

33. Petitioner entered the US without inspection in 2002, and was detained on March 19, 2026. Respondents have taken the position that he is detained pursuant to 8 U.S.C. § 1225(b)(2), meaning that he is not eligible for release or for a bond hearing before an immigration judge.

34. As a non-citizen detained by Respondents many years after he entered the US, Petitioner's detention is governed by the INA at 8 U.S.C. § 1226. Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond redetermination hearing before an Immigration Judge.

35. Respondents' refusal to either release Petitioner from detention or else provide him with a bond hearing thus violates the INA.

**COUNT THREE:**     **Respondent's failure to provide Petitioner with a bond hearing violates his Fifth Amendment right to procedural due process.**

36. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections, after which he is entitled to release unless Respondents show that he is a danger to the community or a flight risk. Petitioner is neither.

37. Petitioner will not be provided with a bond hearing, where he can actually present the evidence that he is neither a flight risk or a danger to the community, by Respondents as required by law.

38. Petitioner's continuing detention without bond therefore violates his right to due process under the Fifth Amendment.

**COUNT FOUR: Mandatory detention without the possibility of bond violates the Due Process**

39. Because Petitioner is an individual who has lived in the U.S. since 2002, the Due Process Clause of the Fifth Amendment to the United States Constitution requires that he be provided with some form of hearing to establish his eligibility for release on bond.

40. Absent such a hearing, Petitioner is deprived of his liberty interests without due process of law.

41. Petitioner's continuing detention therefore violates his right to due process under the Fifth Amendment.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the Southern District of New York;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this

Petition should not be granted;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately,

or, in the alternative, provide Petitioner with a bond hearing at which Respondents bear

the burden of proving that Petitioner is a flight risk or a danger to others, and order

Petitioner's release on conditions the Court deems just and proper;

(5) Declare that Petitioner's detention is unlawful;

(6) Award Petitioner his reasonable litigation costs and attorney's fees pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412; and

(7) Grant any further relief this Court deems just and proper.

Dated:  March 20, 2026


/s/ Paul O'Dwyer
Paul O'Dwyer
Law Office of Paul O'Dwyer, P.C.
Attorney for Petitioner
11 Broadway Suite 715
New York NY 10004
(646) 230-7444
Paul.odwyer@paulodwyerlaw.com